**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TREASURY MANAGEMENT SERVICES, INC., § § § Plaintiff, § § § vs. § § § WALL STREET SYSTEMS DELAWARE, § INC. and IT2 TREASURY SOLUTIONS, § INC., § § Defendants. § | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR TRADEMARK INFRINGEMENT

Treasury Management Services, Inc. ("Treasury" or "Plaintiff"), through counsel, states as follows for its Complaint against Defendants:

1.   This is an action for trademark infringement, Lanham Act violations, trademark dilution, common law trademark infringement, and unfair competition by Wall Street Systems Delaware, Inc. and IT2 Treasury Solutions, Inc. ("Defendants"). Because Defendants' infringement is ongoing and Plaintiff has been, and is likely to continue to be, harmed by such infringement, Plaintiff seeks monetary and injunctive relief.

2.   The case involves Plaintiff and Defendants, which offer similar services to consumers under identical and confusingly similar trademarks.

### PARTIES

3.   Plaintiff Treasury Management Services, Inc. is a Texas corporation having a principal place of business at 9575 Katy Freeway, Suite 360, Houston, Texas 77024.

1

4.      Treasury is the exclusive owner of United States Trademark Registrations 3,220,143 and 3,227,637 for TMS and TMS TRADE, respectively. Both Registrations are in Class 26 for use with "Currency exchange and advice; Electronic transfer of money; Equity capital investment; Financial forecasting; Financial information in the nature of rates of exchange; Foreign exchange information services; Investment advice; Investment management; Monetary exchange."

5.      On information and belief, Wall Street Systems Delaware, Inc. is incorporated under the laws of Delaware with its principal place of business at 1345 Avenue of the Americas, 49th Floor, New York, New York 10105. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6.      On information and belief, IT2 Treasury Solutions, Inc. is incorporated under the laws of Delaware with its principal place of business at 1345 Avenue of the Americas, 49th Floor, New York, New York 10105. This Defendant may be served with process through its agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

**JURISDICTION, CONTROLLING LAW, AND VENUE**

7.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331 and 1338 because this is a civil action for trademark infringement arising under the laws of the United States.

8.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all common law claims in this civil action because the common law claims are so related to claims

over which this Court has original jurisdiction that the common law claims form part of the same case or controversy under Article III of the United States Constitution

9. This Court has personal jurisdiction over Wall Street Systems Delaware, Inc. because Wall Street Systems Delaware, Inc. was incorporated in the State of Delaware.

10. This Court has personal jurisdiction over IT2 Treasury Solutions, Inc. because IT2 Treasury Solutions, Inc. was incorporated in the State of Delaware.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Wall Street Systems Delaware, Inc. and IT2 Treasury Solutions, Inc. were formed in this district and/or 28 U.S.C. § 1391(b)(3) because Wall Street Systems Delaware, Inc. and IT2 Treasury Solutions, Inc. are subject to personal jurisdiction in this district with respect to this action.

FACTUAL ALLEGATIONS

**PLAINTIFF TREASURY MANAGEMENT SERVICES, INC.**

12. Treasury Management Services, Inc. is the owner of a family of trademarks consisting in whole or substantial part of "TMS" (hereafter "TMS Marks"), or variants thereof.

13. Plaintiff owns U.S. Registration No. 3,220,143 issued on the Principal Register for the mark TMS for "Currency exchange and advice; Electronic transfer of money; Equity capital investment; Financial forecasting; Financial information in the nature of rates of exchange; Foreign exchange information services; Investment advice; Investment management; Monetary exchange" in International Class 36. A true and complete copy of the Certificate of Registration is attached hereto as EXHIBIT A.

14. Plaintiff owns U.S. Registration No. 3,227,637 issued on the Principal Register for the mark TMS TRADE for "Currency exchange and advice; Electronic transfer of money;

3

Equity capital investment; Financial forecasting; Financial information in the nature of rates of exchange; Foreign exchange information services; Investment advice; Investment management; Monetary exchange" in International Class 36.  A true and complete copy of the Certificate of Registration is attached hereto as EXHIBIT B.

15. Plaintiff has been using the TMS Marks substantially, continuously, and extensively in U.S. commerce since at least January 1993.

16. Plaintiff filed Combined Declarations of Use and Incontestability under Sections 8 & 15 for both TMS Marks on August 23, 2013, for which the United States Patent and Trademark Office issued Notices of Acceptance and Acknowledgement on September 10, 2013.

17. Plaintiff operates and conducts its financial services in this District using the TMS Marks at its principal place of business at 9575 Katy Freeway, Suite 360, Houston, Texas 77024.

18. Plaintiff operates and conducts its financial services using the TMS Marks through its on-line services, point-of-sale services and ecommerce.  An example of Plaintiff's website using the TMS Marks is attached as EXHIBIT C.

## **DEFENDANTS' INFRINGING CONDUCT**

19. Defendants have and continue to infringe the TMS Marks in this judicial district and elsewhere in the United States, by using the TMS Marks in connection with their financial, investment, and monetary services.  Copies of Defendants' webpages demonstrating its infringing use of the TMS Marks are attached as EXHIBITS D and E.

20. Defendants have had knowledge of the TMS Marks, at least as early as October 2014.

21.     Despite having knowledge of the TMS Marks, Defendants have continued to willfully infringe the TMS Marks.

22.     Defendants' website allows its customers and clients to log-in to Defendants' system and use Defendants' financial services related to the infringing TMS Marks regardless of the customer or client's location.

23.     Upon information and belief, customers or clients of Defendants have utilized Defendants' financial services related to the infringing TMS Marks.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

24.     All preceding paragraphs are incorporated herein as if set forth in full.

25.     Defendants' use of the TMS Marks in marketing, promotion, retail software sales, and financial services in the financial services industry is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' services. As a result of Defendants' unauthorized use of trademarks that are confusingly similar to Plaintiff's federally registered marks, the public is likely to believe that Plaintiff is affiliated with Defendants.

26.     Defendants' acts are in violation of 15 U.S.C. § 1114(a).

27.     As a result of the infringement by Defendants, Plaintiff has suffered, and is suffering, damages in an amount yet to be determined.

28.     Upon information and belief, the acts of infringement by Defendants have resulted and are currently resulting in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT II

### SECTION 43(A) LANHAM ACT VIOLATIONS

29. All preceding paragraphs are incorporated herein as if set forth in full.

30. The TMS Marks have become uniquely associated with and hence identifies Plaintiff. Defendants' interstate use of the TMS Marks are a use of a false designation of origin, or a false representation or of false advertising, that wrongfully and falsely designates Defendants' products and services as originating from, connected with, or endorsed by Plaintiff, and constitutes utilizing false descriptions or representations in interstate commerce, thereby infringing Plaintiff's rights.

31. Defendants' acts are in violation of 15 U.S.C. § 1125(a).

32. As a result of the infringement by Defendants, Plaintiff has suffered, and is suffering, damages in an amount yet to be determined.

33. Upon information and belief, the acts of infringement by Defendants have resulted and are currently resulting in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT III

### TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

34. All preceding paragraphs are incorporated herein as if set forth in full.

35. The TMS Marks are registered and has become famous and distinctive in the United States through its extensive, continuous and exclusive use in connection with Plaintiff's products. The TMS Marks were famous prior to any use of the TMS Marks by Defendants.

6

36. Despite knowledge of the TMS Marks, Defendants used and continue to use in interstate commerce spurious and colorable imitations thereof in connection with the advertisement, promotion and sale of Defendants' products and services.

37. Defendants' actions as described herein have caused and continue to cause injury to, and a likelihood of dilution of the distinctive quality of the TMS Marks in violation of Plaintiff's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the TMS Marks is likely to dilute the distinctive nature of the TMS Marks by blurring and tarnishment of Plaintiff's reputation.

38. Defendants have used and continue to use in interstate commerce spurious and colorable imitations of the TMS Marks willfully and with the intent to dilute the distinctive quality of the TMS Marks and trade on the reputation and good will of Plaintiff's TMS Marks. Accordingly, Plaintiff is entitled to damages under 15 U.S.C. § 1117(a).

39. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered harm to the TMS Marks, and other damages in an amount to be proved at trial.

## COUNT IV

## TRADEMARK DILUTION UNDER 6 DEL. C. § 3313

40. All preceding paragraphs are incorporated herein as if set forth in full.

41. Defendants' use of the TMS Marks constitutes a dilution of the TMS Marks and injures Plaintiff's business reputation, in violation of 6 Del. C. § 3301, *et seq.* (the "Delaware Trademark Act"), specifically § 3313 of the Delaware Trademark Act.

42. As a result of the dilution by Defendants, Plaintiff has suffered, and continues to suffer, damages in an amount yet to be determined.

43. Upon information and belief, the acts of dilution by Defendants have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT V

### UNFAIR COMPETITION UNDER 6 DEL. C. § 2532

44. All preceding paragraphs are incorporated herein as if set forth in full.

45. As described above, Defendants have infringed Plaintiff's TMS Marks in violation of Plaintiff's proprietary rights, and has engaged in unfair, deceptive, and/or misleading advertising. Such acts constitute unfair trade practices, false advertising, and unfair competition under the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531, *et seq.*, specifically 6 Del. C. § 2532.

46. As a result of the infringement by Defendants, Plaintiff has suffered, and is suffering, damages in an amount yet to be determined.

47. Upon information and belief, the acts of infringement by Defendants have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT VI

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

48. All preceding paragraphs are incorporated herein as if set forth in full.

49. Defendants' use of the TMS Marks constitutes infringement of Plaintiff's common law trademark rights in the TMS Marks. Defendants continue to infringe Plaintiff's common law trademark rights and to commit acts of unfair competition, resulting in confusion and deception of the public and harm to Plaintiff's TMS Marks.

50. As a result of the infringement by Defendants, Plaintiff has suffered, and is suffering, damages in an amount yet to be determined.

51. Upon information and belief, the acts of infringement by Defendants have resulted, and are currently resulting, in substantial unjust profits and unjust enrichment for Defendants in an amount yet to be determined.

## COUNT VII

## ATTORNEY'S FEES AND COSTS

52. All preceding paragraphs are incorporated herein as if set forth in full.

53. Because of Defendants' actions, Plaintiff has found it necessary to employ the undersigned counsel to present this action.  Plaintiff is entitled to recover from Defendants its reasonable attorney's fees incurred in this action pursuant to 15 U.S.C. § 1117(a) and other applicable statutes and laws.  Plaintiff also seeks recovery of prejudgment and post-judgment interest on its damages at the maximum lawful rate.  Plaintiff further seeks recovery of its costs of court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that after trial or other final hearing on this matter that this Court grant the relief requested, including the following:

    a. That Defendants be cited and appear herein;

    b. That a judgment be rendered against Defendants for acts of infringement;

    c. That Plaintiff be awarded actual damages as plead;

    d. That Plaintiff be awarded any and all profits derived by Defendants' violation of Plaintiff's rights;

    e. That Plaintiff be awarded all costs of court;

  f.  That Plaintiff be awarded attorney's fees as plead and allowed by statute and common law;

  g.  That Plaintiff be awarded pre-judgment and post-judgment interest;

  h.  That Plaintiff be awarded such additional damages as this Court deems appropriate;

  i.  That Defendants be permanently enjoined from and be required to cease using the TMS Marks, or any marks confusingly similar thereto, in connection with Defendants' goods and services in the financial services industry;

  j.  That Defendants be required to destroy all devices, signage, literature, advertising material, stationery, and other printed or electronic materials infringed upon by TMS Marks; and

  k.  That Plaintiff be granted such other and further relief, both general and special, legal and equitable, to which Plaintiff may show itself justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

| | |
|---|---|
| Dated: April 20, 2016 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Sanford E. Warren, Jr.<br>R. Scott Rhoades<br>WARREN RHOADES LLP<br>1212 Corporate Drive, Suite 250<br>Irving, Texas  75038<br>972.550.7500<br>swarren@wriplaw.com<br>srhoades@wriplaw.com | /s/ Michael J. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N Market St., 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>ATTORNEYS FOR PLAINTIFF TREASURY MANAGEMENT SERVICES, INC. |