# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TREASURY MANAGEMENT SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| | § | C.A. No.: 16-cv-283-SLR |
| vs. | § § | |
| | § | **JURY TRIAL DEMANDED** |
| WALL STREET SYSTEMS DELAWARE, INC. and IT2 TREASURY SOLUTIONS, INC., | § § § § | |
| Defendants. | § § | |

## TREASURY MANAGEMENT SERVICES, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Dated: June 13, 2016

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

WARREN RHOADES, LLP
Sanford E. Warren Jr. (admitted *pro hac vice*)
R. Scott Rhoades (admitted *pro hac vice*)
1212 Corporate Drive, Suite 250
Irving, Texas 75038
Telephone: (972) 550-7500
Facsimile: (469) 442-0091
swarren@wriplaw.com
srhoades@wriplaw.com

*Attorneys for Plaintiff Treasury Management Services, Inc.*

**TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDING ................................................................................ 1

SUMMARY OF THE ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT AND AUTHORITIES ............................................................................................ 3

    I.    Standard of Review ............................................................................................................ 3

    II.   Treasury Management's Complaint Sets Forth a Viable Claim for Trademark
        Infringement and Unfair Competition under Applicable State and Federal Laws. ............ 4

        A.    Treasury Management's Complaint has sufficiently alleged Defendants' use of the
             TMS Marks in Commerce. ....................................................................................... 6

    III.  Treasury Management's Complaint Sets Forth a Viable Claim for Dilution under
        Applicable State and Federal Laws .................................................................................... 8

    IV.  Defendants' Analysis Fail to Correctly Apply the Applicable Fed. R. Civ. P 12(b)(6) ... 10

    V.   Defendants' Repeated Employment of the Fair Use Doctrine is Irrelevant ..................... 10

    IV.  Alternatively, Treasury Management Requests Leave to Amend its Complaint .............. 11

CONCLUSION ............................................................................................................................ 12

**TABLE OF AUTHORITIES**

Cases

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*,
   237 F.3d 198 (3d Cir. 2000)..................................................................................... 4

*Americash Loans, LLC v. AO Ventures, LLC,*
   No. 08 C 5147, 2009 U.S. Dist. LEXIS 22124 (N.D. Ill. Mar. 19, 2009) ............... 11

*ARGOS v. Orthotec LLC,* 304 F. Supp. 2d 591 (D. Del. 2004) ...................................... 8

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...................................................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .............................................. 3, 4, 5, 9

*Brookfield Communications, Inc. v. West Coast Entertainment Corp.*,
   174 F.3d 1036 (9th Cir. 1999) ................................................................................. 8

*Gov't Emples. Ins. Co. v. Google, Inc.,* 330 F. Supp. 2d 700 (E.D. Va. 2004).......... 8, 11

*Guidry v. La. Lightning, LLC,*
   No. 15-6714, 2016 U.S. Dist. LEXIS 72738 (E.D. La. June 2, 2016)...................... 8

*Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127 (E.D. Pa. 2007)................................ 3, 4

*J.G. Wentworth, S.S.C. Ltd. P'ship v. Settlement Funding LLC*,
   No. 06-0597, 2007 U.S. Dist. LEXIS 288 (E.D. Pa. Jan. 4, 2007)........................ 4, 6

*Merck & Co. v. Mediplan Health Consulting,* 425 F. Supp. 2d 402 (S.D.N.Y. 2006) .... 11

*PACCAR, Inc. v. TeleScan Tech. LLC,* 319 F.3d 243 (6th Cir. 2003)............................ 8

*Phifer v. Sevenson Envtl. Servs.*,
   No. 11-169-GMS, 2012 U.S. Dist. LEXIS 34375 (D. Del. Mar. 14, 2012) .............. 5

*Planned Parenthood Fed'n of America, Inc. v. Bucci,*
   1997 U.S. Dist. LEXIS 3338 (S.D.N.Y. 1997)........................................................ 8

*Schering-Plough Healthcare Prods., Inc. v. Neutrogena Corp.*,
   702 F. Supp. 2d 266 (D. Del. 2010)......................................................................... 6

*Sisk v. Texas Parks & Wildlife Dep't*, 644 F.2d 1056 (5th Cir. 1981)............................ 5

*Steele v. Bulova Watch Co.*, 344 U.S. 280, 283, 97 L. Ed. 319, 73 S. Ct. 252 (1952) ... 7

*TCPIP Holding Co. v. Haar Commc'n, Inc.*, 244 F.3d 88 (2d Cir. 2001) ..................... 8

*Intermatic Inc. v. Toeppen*, 947 F. Supp. 1227 (N.D. Ill. 1996) ...................................................... 9

*Trade Media Holdings Ltd. v. Huang Assocs.*, 123 F. Supp. 2d 233 (D.N.J. 2000) ....................... 8

*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*,
   210 F. Supp. 2d 552 (D.N.J. 2002) ............................................................................................ 11

**Statutes**

15 U.S.C. § 1114 ............................................................................................................................. 4

15 U.S.C. § 1114(a)) ....................................................................................................................... 6

15 U.S.C. § 1125(a)(1)(A) .............................................................................................................. 4

15 U.S.C. § 1125(a)) ....................................................................................................................... 6

15 U.S.C. § 1127(2) ................................................................................................................ 6, 7, 8

**Other Authorities**

6 Del. C. § 2532 .............................................................................................................................. 6

6 Del. C. § 3301 .............................................................................................................................. 8

TRADEMARK DILUTION REVISION ACT OF 2006 ............................................................................. 8

**Rules**

Fed. R. Civ. P. 8(a) ......................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... *passim*

**Treatises**

Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 1356 (3d ed. 2004) ......................................................... 5, 10

Treasury Management Services, Inc. ("Treasury Management") submits this Response to Wall Street Systems Delaware, Inc. and IT2 Treasury Solutions, Inc.'s ("Defendants'") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion").

## NATURE AND STAGE OF PROCEEDING

Treasury Management filed an Original Complaint ("Complaint") on April 20, 2016 on the grounds of (i) federal trademark infringement (Section 32(1) of the Lanham Act), (ii) Section 43(a) Lanham Act violations, (iii) trademark dilution under 15 U.S.C. § 1125(c), (iv) trademark dilution under 6 Del. C. § 3313, (v) unfair competition under 6 Del. C. § 2532 and (vi) common law trademark infringement and unfair competition by Defendants. Because Defendants infringement is ongoing and Treasury Management has been, and is likely to continue to be, harmed by such infringement, Treasury Management seeks monetary and injunctive relief. Treasury Management and Defendants offer similar services to consumers under identical and confusingly similar trademarks. Defendants filed a Motion to Dismiss Treasury Management's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF THE ARGUMENT

1. Counts I, II, V, and VI of Treasury Management's Complaint demonstrates: (1) the TMS Marks are valid and legally protectable; (2) the mark is owned by Treasury Management; and (3) the Defendants' use of the TMS Marks in commerce to identify goods or services is likely to create confusion concerning the origin of the goods or services. When read in the light most favorable to Treasury Management, the Complaint adequately demonstrates Defendants' use of the TMS Marks in commerce; and thus, provides a sufficient basis for this Court to draw the reasonable inference that Defendants' are liable for the misconduct alleged.

2. Counts III and IV of Treasury Management's Complaint further demonstrates Defendants' use of the TMS Marks in commerce; and thus, provides a sufficient basis for a court to draw the reasonable inference that Defendants' are liable for the misconduct alleged.

3. Defendants' Motion fails to correctly apply the correct Fed. R. Civ. P. 12(b)(6) standard in its analysis— to support its contention that Counts I-VI should be dismissed in their entireties—by failing to accept Treasury Management's Complaint allegations as true.

4. Defendants' defense of the fair use doctrine—to support its contention that Counts I-VI should be dismissed in their entireties—is irrelevant to a Fed. R. Civ. P. 12(b)(6) motion.

## STATEMENT OF FACTS

Treasury Management is the owner of a family of trademarks or variants thereof ("TMS Marks"). Specifically, the TMS Marks at issue include U.S. Registration No. 3,220,143 for the mark "TMS" and U.S. Registration No. 3,227,637 for the mark "TMS Trade." *See* D.I. 1, Exhibits A and B.

Defendant IT2 Treasury Solutions, Inc. ("IT2") is a subsidiary of Wall Street Systems Delaware, Inc. ("WSS"). IT2 was purchased by WSS in January 2013. Defendants, through their websites, www.wallstreetsystems.com and www.it2tms.com, have in the past and continue to use the TMS Marks. *See* D.I. 1, Exhibits D and E. Defendants use the TMS Marks throughout the WSS and IT2 websites in connection with identifying their financial, investment, and monetary services. *Id.* Defendants directly advertise, provide and promote, their products and services using the TMS Marks to both current and potential customers. *Id.* Specifically, WSS promotes and advertises as one of its corporate solutions, "IT2 TMS", on its website using the TMS Marks. *See* D.I. 1, Exhibit D. Similarly, IT2 also promotes and advertises its services in the text

of its website, using the TMS Marks and its website domain name, www.it2tms.com, also includes the TMS Marks. *See* D.I. 1, Exhibit E.

## **ARGUMENT AND AUTHORITIES**

**I.      Standard of Review**

The standard for resolving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is well-established. When considering a motion to dismiss under Rule 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor. *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 133 (E. D. Pa. 2007) (citations omitted). Rule 12(b)(6) is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." *Id.* (citing *Port Auth. v. Arcadian Corp.*, 189 F.3d 305, 311-12 (3d Cir. 1999)).

The starting point in analyzing a pleading is Fed. R. Civ. P. 8(a), which simply requires that a pleading consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A pleading need not take any particular form; it need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" in order to withstand a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When read in the light most favorable to the plaintiff, a pleading need only provide a sufficient basis for a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" in order to meet the required level of "facial plausibility." *Iqbal*, 129 S. Ct. at 1949.

A complaint should not be dismissed on a Fed. R. Civ. P. 12(b)(6) motion if the claim is adequately stated and if the factual allegations raise a right to relief "above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Id.* At 566 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotations omitted)). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). The issue, therefore, is not whether the plaintiff will ultimately prevail, but whether the plaintiff is permitted to offer further evidence to support its claims. *Hanover*, 619 F. Supp. 2d at 133 (citing *Scheuer*, 416 U.S. at 236). Applying this standard to this case, the Court should reject Defendants' arguments and deny its Motion.

**II.     Treasury Management's Complaint Sets Forth a Viable Claim for Trademark Infringement and Unfair Competition under Applicable State and Federal Laws.**

"The Third Circuit has stated that it measure[s] federal trademark infringement [under Section 32], 15 U.S.C. § 1114, and federal unfair competition [under Section 43], 15 U.S.C. § 1125(a)(1)(A), by identical standards." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc*., 237 F.3d 198, 210 (3d Cir. 2000)). Under the law of this Circuit, to establish violations of either Section 32(1) or 43(a) of the Lanham Act, Treasury Management must demonstrate: "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *J.G. Wentworth, S.S.C. Ltd. P'ship v. Settlement Funding LLC*, No. 06-0597, 2007 U.S. Dist. LEXIS 288 (E.D. Pa. Jan. 4, 2007) (citing *Fisons Horticulture, Inc. v. Vigoro Indus., Inc*., 30 F.3d 466, 472 (3d Cir. 1994)). Because Treasury Management's Complaint sufficiently pleads each of these elements, Defendants' Motion should be denied.

4

In the present Motion, Defendant concedes that the TMS Marks are valid and legally protectable and the TMS Marks are owned by the plaintiff. D.I. 9 at 8. However, Defendants allege that Treasury Management cannot meet the element of "use in commerce" with respect to its trademark infringement and unfair competition claims (Counts I, II, V, and VI). D.I. 9 at 7-13. Specifically, Defendants contend that Treasury Management has failed to adequately allege that its TMS Marks are being "used in commerce" because Treasury Management "has not . . . allege[d] that Defendant made use of any of the TMS Marks in commerce." D.I. 9 at 3. Defendant's allegations are incorrect as Treasury Management has repeatedly identified the Defendants' uses of the TMS Marks in commerce. Even assuming, *arguendo*, Defendants' allegations are true, this Motion fails as Defendant failed to seek the proper remedy. "If the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e)." *Sisk v. Texas Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981). *See Phifer v. Sevenson Envtl. Servs.*, C.A. No. 11-169-GMS, 2012 U.S. Dist. LEXIS 34375, at *5-9 (D. Del. Mar. 14, 2012).

Similarly, Defendants also contend that Treasury Management "cannot adequately allege that Defendant [sic] made use of any of the TMS Marks in commerce." D.I. 9 at 3. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted does not attack the merits of the case, but merely tests the legal sufficiency of the complaint. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 354 (3d ed. 2004). Defendants' contention that Treasury Management "cannot allege that Defendant [sic] made use of any of the TMS Marks in commerce" (D.I. 9 at 3) implies an element of proof which is not required at this stage of the proceedings. *See Twombly*, 550 U.S.

5

544, 563 n.8 (2007). Such a demand for proof, prior to discovery, stands the process on its head and is more appropriately left to dispositive motions or trial. Treasury Management merely has an obligation to plead cognizable causes of action. Here, Treasury Management has met this pleading standard for trademark infringement under federal law (Section 32 of the Lanham Act/15 U.S.C. § 1114(a)) and common law[1] as discussed below. Similarly, Treasury Management has also met this pleading standard for unfair competition under federal (Section 43(a) of the Lanham Act/15 U.S.C. § 1125(a)), state[2] (6 Del. C. § 2532), and common law[3] as discussed below.

### A. Treasury Management's Complaint has sufficiently alleged Defendants' use of the TMS Marks in Commerce.

Contrary to Defendants' argument, Treasury Management's Complaint sufficiently alleges Defendants' use of the TMS Marks in commerce. As defined by federal statute, a mark is "used in commerce" in connection with services "when it is used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127(2). It is

---

[1] "[T]he test for common law trademark infringement and unfair competition is essentially the same as the test for infringement and unfair competition under the Lanham Act." *J.G. Wentworth, S.S.C. Ltd. P'ship v. Settlement Funding LLC*, No. 06-0597, 2007 U.S. Dist. LEXIS 288, at *1 n.1 (E.D. Pa. Jan. 4, 2007). Defendants' only contend that Treasury Management cannot meet the element of "use in commerce" with respect to trademark infringement. As discussed below, Treasury Management has met the pleading standard for trademark infringement under the Lanham act; thus this pleading standard is also met under common law. (*See* Part II.A).

[2] Sufficient allegations of a Lanham Act claim would necessarily meet the requirements for a claim under the DTPA, including unfair competition under 6 Del. C. § 2532. *See Schering-Plough Healthcare Prods., Inc. v. Neutrogena Corp.*, 702 F. Supp. 2d 266, 272 (D. Del. 2010). Defendants' only contend that Treasury Management cannot meet the element of "use in commerce" with respect to unfair competition. As discussed below, Treasury Management has met the pleading standard for unfair competition under the Lanham act; thus this pleading standard is also met under 6 Del. C. § 2532. (*See* Part II.A).

[3] *See supra* n.1. *See also* supra n.2. As discussed below, Treasury Management has met the pleading standard for unfair competition under the Lanham act; thus this pleading standard is also met under common law. (*See* Part II.A).

well settled that the scope of "in commerce" as a jurisdictional predicate of the Lanham Act is broad and has a sweeping reach. *Steele v. Bulova Watch Co*., 344 U.S. 280, 283, 97 L. Ed. 319, 73 S. Ct. 252 (1952).

Specifically, Treasury Management's Complaint alleges that "Defendants have and continue to infringe the TMS Marks in this judicial district and elsewhere in the United States, by using the TMS Marks in connection with their financial, investment and monetary services." D.I. 1 at 4, ¶ 19. Moreover, Treasury Management's Complaint additionally provided "[c]opies of Defendants' webpages demonstrating its infringing use of the TMS Marks" attached to the Complaint as Exhibits D and E. *Id.* at Exhibits D & E.

      1.    <u>Wall Street Systems Delaware, Inc.'s Use of the TMS Marks in Commerce</u>

Treasury Management's Complaint demonstrates WSS's use of the TMS Marks in commerce on its website in connection with its financial, investment and monetary services. D.I. 1 at 4. *See* D.I. 1, Exhibit D. Specifically, WSS uses the TMS Marks in its text to promote and advertise one of its corporate solutions, "IT2 TMS," for financial, investment and monetary services rendered in commerce. *Id*. Such use categorically constitutes a "use in commerce" of Treasury Management's TMS Marks by WSS pursuant to 15 U.S.C. § 1127(2). Accordingly, when read in the light most favorable to Treasury Management, the Complaint provides a sufficient basis for a court to draw the reasonable inference that WSS is liable for Counts I, II, V, and VI.

      2.    <u>IT2 Treasury Solutions, Inc.'s Use of the TMS Marks in Commerce</u>

Similarly, Treasury Management's Complaint demonstrates IT2's use of the TMS Marks in commerce on its website in connection with its financial, investment and monetary services. Specifically, IT2 uses the TMS Marks (i) in its website domain and (ii) in its text. This

categorically constitutes a "use in commerce" of Treasury Management's TMS Marks by IT2 pursuant to 15 U.S.C. § 1127(2). To begin, courts have routinely held that the use of another's trademark in one's domain name constitutes a "use in commerce."[4] Moreover, IT2 uses the TMS Marks in its text to promote and advertise its corporate solutions for financial, investment and monetary services rendered in commerce. Accordingly, when read in the light most favorable to Treasury Management, the Complaint provides a sufficient basis for a court to draw the reasonable inference that IT2 is liable for Counts I, II, V, and VI.

## III. Treasury Management's Complaint Sets Forth a Viable Claim for Dilution under Applicable State and Federal Laws.

Although there are some distinctions between the Lanham Act and the Delaware Trademark Act, 6 Del. C. § 3301, these distinctions are not relevant in this action. Defendants present their identical argument, as discussed above, to allege that Treasury Management cannot

---

[4] *See, e.g., Guidry v. La. Lightning, LLC,* No. 15-6714, 2016 U.S. Dist. LEXIS 72738, at *11 (E.D. La. June 2, 2016) (Holding the allegations that the defendants operate and control the "infringing website" and use the "infringing mark," as an internet domain name were sufficient to overcome defendant's Fed. R. Civ. P. 12(b)(6)); *ARGOS v. Orthotec LLC,* 304 F. Supp. 2d 591 (D. Del. 2004) ("With particular regard to the internet, the Southern District of New York has ruled that using a domain name to operate a website is "use in commerce" because it affects a party's ability to offer services.") (citation omitted); *Gov't Emples. Ins. Co. v. Google, Inc.,* 330 F. Supp. 2d 700 (E.D. Va. 2004) ("If the trademark had been used in the heart of the domain name . . . the use would be a 'trademark use' . . . ."); *PACCAR, Inc. v. TeleScan Tech. LLC,* 319 F.3d 243 (6th Cir. 2003) (holding that defendant's use of domain names such as "peterbilttrucks.com" and "kenworthnewtrucks.com" violated plaintiff's trademark rights in the marks "Peterbilt" and "Kenworth"); *TCPIP Holding Co. v. Haar Commc'n, Inc*., 244 F.3d. 88, 104 (2d Cir. 2001) (finding use of term as a domain name was use as a mark), *superseded by statute on other grounds*, TRADEMARK DILUTION REVISION ACT OF 2006; *Trade Media Holdings Ltd. v. Huang Assocs*., 123 F. Supp. 2d 233, 242 (D.N.J. 2000) (holding the use of the plaintiff's mark in defendant's domain name was a "use in commerce"); *Brookfield Communications, Inc. v. West Coast Entertainment Corp*., 174 F.3d 1036 (9th Cir. 1999) (holding that the defendant's use of the domain name "moviebuff.com" violated plaintiff's trademark rights in the mark "MovieBuff"); *Planned Parenthood Fed'n of America, Inc. v. Bucci,* 1997 U.S. Dist. LEXIS 3338, at *10 (S.D.N.Y. 1997) ("The nature of the Internet indicates that establishing a typical home page on the Internet, for access to all users, would satisfy the Lanham Act's 'in commerce' requirement.").

meet the element of "use of commerce" with respect to its claims of dilution under Federal and Delaware law. As previously discussed, Treasury Management's Complaint sufficiently demonstrates Defendants' use of the TMS Marks in commerce on their websites. *See supra* Part II.A. When read in the light most favorable to Treasury Management, the Complaint provides a sufficient basis for a court to draw the reasonable inference that Defendants' are liable for Counts III and IV. *See Intermatic Inc. v. Toeppen*, 947 F. Supp. 1227, 1240 (N.D. Ill. 1996) ("Dilution of [plaintiff's] mark is likely to occur because the domain name appears on the web page and is included on every page that is printed from the web page . . . . The all-inclusive nature of the domain name all but guarantees that [plaintiff's mark within the domain name] will appear on the web page and any printouts. The fact that [plaintiff's mark within the domain name] will be displayed on every aspect of the web page is sufficient to show that [plaintiff's] mark will likely be diluted."). Accordingly, Defendants' "use in commerce" argument is unsupportable.

Moreover, Defendants also argue that Treasury Management has failed to allege any facts to support its conclusion that the TMS Marks are famous. Quite to the contrary, Treasury Management's Complaint specifically states, "Plaintiff has been using the TMS Marks substantially, continuously, and extensively in U.S. commerce since at least January 1993." D.I. 1 at 4, ¶ 15. As such, "[t]he TMS Marks are registered and have become famous and distinctive in the United States through its extensive, continuous and exclusive use in connection with Plaintiff's products." D.I. 1 at 6, ¶ 35. The Complaint must be liberally construed in Treasury Management's favor, and all well-pleaded facts in the Complaint must be taken as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Accordingly, Defendants' "famous" argument is unsupportable.

### IV. Defendants' Analysis Fail to Correctly Apply the Applicable Fed. R. Civ. P 12(b)(6) Standard

Although Defendants cite to the relevant law regarding the proper standard to use in considering a motion to dismiss under 12(b)(6), Defendants fail to correctly apply, much less acknowledge, the applicable standard in their analysis. Specifically, Defendants' Motion completely fails to accept Treasury Management's Complaint allegations as true. As previously discussed, Treasury Management's Complaint specifically alleges that "Defendants have and continue to infringe the TMS Marks in this judicial district and elsewhere in the United States, by using the TMS Marks in connection with their financial, investment and monetary services." D.I. 1 at 4, ¶ 19. Notwithstanding this fact, Defendants attempt to assert that the analysis of its "use in commerce" should, instead, be analyzed in connection with **goods** (D.I. 9 at 8-9) for each claim asserted by Treasury Management, as opposed to services as Treasury Management's Complaint alleges. Accordingly, this fact is outside of Treasury Management's Complaint which falls outside of the pleadings under Fed. R. Civ. P. 12(b)(6) and thus, should be excluded by the Court.

### V. Defendants' Repeated Employment of the Fair Use Doctrine is Irrelevant

Defendants' Motion improperly invokes a "fair use" defense—arguing that it has engaged in non-actionable, descriptive use of Treasury Management's TMS Marks—to support its contention that each and every one of Treasury Management's claims should be dismissed. D.I. 9 at 9-13. The doctrine of fair use, however, is an affirmative defense. Fed. R. Civ. P. 12(b)(6) tests only the formal sufficiency of the statement of a claim for relief, not the merits of the case. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 354 (3d ed. 2004). Accordingly, Treasury Management need not anticipate or plead

around Defendants' potential affirmative defenses in its Complaint. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Moreover, courts have routinely held that an analysis of the fair use doctrine falls outside the scope of a Fed. R. Civ. P. 12(b)(6) motion because it involves factual issues beyond the sufficiency of the pleadings. *See, e.g., Americash Loans, LLC v. AO Ventures, LLC,* No. 08 C 5147, 2009 U.S. Dist. LEXIS 22124, at *13 (N.D. Ill. Mar. 19, 2009) ("[A]n analysis of the fair use defense involves factual issues beyond the pleadings."); *Merck & Co. v. Mediplan Health Consulting,* 425 F. Supp. 2d 402, 412 (S.D.N.Y. 2006) ("Here, the classic fair use defense fails, at least at this stage, where the only question is the sufficiency of the pleadings.");*Gov't Employees Ins. Co. v. Google, Inc.,* 330 F. Supp. 2d 700, 702 (E.D. Va. 2004) ("Whether defendants' uses are legitimate fair uses of the trademarks . . . [is] [a] fact-specific issue not properly resolved through a motion to dismiss.");*Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc*., 210 F. Supp. 2d 552, 570 (D.N.J. 2002) ("Because the Court's obligation is to ascertain the sufficiency of the pleadings by viewing the well-pleaded allegations in the light most favorable to the non-movant at this stage of the proceedings, the affirmative defense of fair use . . . will not be considered at this time."). Accordingly, Defendants' reliance on the fair use doctrine is misplaced with respect to the analysis of the sufficiency of the pleadings under Fed. R. Civ. P. 12(b)(6).

**IV.     Alternatively, Treasury Management Requests Leave to Amend its Complaint**

If the Court is inclined to grant the Defendants' Motion to Dismiss, Treasury Management respectfully requests an opportunity to amend its Complaint, rather than dismiss its Complaint outright with prejudice as requested by Defendants. District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case. At this

time, Treasury Management has not amended its Complaint during this litigation, and this is the first "test" of the sufficiency of Treasury Management's allegations.

## CONCLUSION

For the reasons stated above, Treasury Management respectfully requests that the Court deny Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Alternatively, Treasury Management respectfully requests an opportunity to amend its Complaint.

Dated: June 13, 2016                                         Respectfully submitted,

                                                             FARNAN LLP

                                                             /s/ Michael J. Farnan_____
                                                             Brian E. Farnan ( Bar No. 4089)
                                                             Michael J. Farnan (Bar No. 5165)
                                                             919 N. Market Street, 12th Floor
                                                             Wilmington, DE 19801
                                                             Telephone: (302) 777-0300
                                                             bfarnan@farnanlaw.com
                                                             mfarnan@farnanlaw.com

                                                             Sanford E. Warren Jr. (admitted *pro hac vice*)
                                                             R. Scott Rhoades (*pro hac vice*)
                                                             WARREN RHOADES, LLP
                                                             1212 Corporate Drive, Suite 250
                                                             Irving, Texas 75038
                                                             Telephone: (972) 550-7500
                                                             Facsimile: (469) 442-0091
                                                             swarren@wriplaw.com
                                                             srhoades@wriplaw.com

                                                             *Attorneys for Plaintiff Treasury Management Services, Inc.*